# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4839 | **DATE** | 10/4/2010 |
| **CASE TITLE** | UNITED STATES *ex rel.* LEROY GRANT v. KEITH ANGLIN | | |

**DOCKET ENTRY TEXT**

Leroy Grant's petition under 28 U.S.C. § 2254 for a writ of *habeas corpus* [1] is denied. His motion for extension of time to file a response [12] is denied as moot. SEE BELOW FOR DETAILS.

*/s/ Suzanne B. Conlon*

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Leroy Grant petitions *pro se* for a writ of *habeas corpus* under 28 U.S.C. § 2254. He argues that the state trial court erred by finding him fit to be tried and sentenced and that his conviction is invalid because the prosecution was commenced after the statute of limitations had run. Respondent contends that Grant procedurally defaulted his fitness claims and that the statute of limitations argument is not cognizable on *habeas* review.

At Grant's criminal trial, an undercover officer testified that he bought heroin from Grant in a controlled buy. Grant took the stand, denied selling heroin to the officer, and asserted that he was being framed. A jury found him guilty of delivering a controlled substance, and the trial court sentenced him to 22 years' imprisonment.

On direct appeal, Grant raised three issues: (1) whether the trial court erred in not ordering a fitness examination after Grant exhibited what he characterizes as bizarre behavior during trial; (2) whether the trial court erred in finding him fit for sentencing without holding a hearing; and (3) whether his conviction was invalid because the prosecution was commenced after the statute of limitations had run. Dkt. 9, Ex. D. The Illinois appellate court affirmed the conviction, concluding that (1) there was no *bona fide* doubt at the time of trial as to Grant's fitness; (2) the trial court was not required to conduct a fitness hearing for sentencing; and (3) under Illinois law a prosecution begins when the grand jury returns a true bill of indictment and therefore the prosecution was timely. Dkt. 11.

Grant, represented by counsel, filed a petition for leave to appeal with the Illinois Supreme Court, raising only the statute of limitations claim. Dkt. 9, Ex. C. Grant argued that the Supreme Court should hear

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

## STATEMENT

the case because the issue of when a prosecution commences under Illinois law for purposes of the statute of limitation is a matter of first impression. The Illinois Supreme Court denied leave to appeal. Dkt. 9, Ex. I.

Grant did not file a postconviction petition in state court but instead proceeded directly to federal court. In his § 2254 petition, he raises the same claims that he raised in his direct appeal to the Illinois appellate court.

*Habeas* relief is available to a person convicted by a state court whose custody is in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Cheeks v. Gaetz*, 571 F.3d 680, 684 (7th Cir. 2009). But before a federal court may consider *habeas* claims, the petitioner must have given the state courts one full opportunity to resolve potential violations of federal rights. 28 U.S.C. § 2254(b)(1)(A); *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008). This means that the petitioner had to fairly present each constitutional claim at all levels of review in the state courts. *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). If a claim was not presented at each level of review and no further state court remedies are available, the unreviewed claims are procedurally defaulted, thus precluding a federal court from reaching the merits. *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010).

Although Grant appealed the fitness claims to the Illinois appellate court, he did not include those claims in his petition for leave to appeal to the Illinois Supreme Court. Illinois law does not now allow him another chance to raise those claims in state court. *See People v. Williams*, 920 N.E.2d 1060, 1067 (Ill. 2009) (claims not included in petition for leave to appeal are forfeited); *People v. Beaman*, 890 N.E.2d 500, 509 (Ill. 2008) (claims decided on direct appeal may not be raised in postconviction proceedings). Therefore, Grant's fitness claims are procedurally defaulted.

Grant raised his statute of limitations claim before both the Illinois appellate and the Supreme Court. But a more fundamental barrier prevents this court from considering that claim: an error of state law without more is not cognizable on *habeas* review. *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004). A federal court may intervene only to correct deprivations of federal rights, and a determination of whether the prosecution fell within the statute of limitations turns only on Illinois law. In one sentence in his petition, Grant flatly states without argument or citation that it violates due process to prosecute him outside the applicable statute of limitations. It is doubtful that this one sentence is enough to state a cognizable federal claim. *See Lieberman v. Thomas*, 505 F.3d 665, 671 (7th Cir. 2007) ("[W]e do not believe that Lieberman's single and undeveloped use of the term 'constitutional,' when balanced against the petitioner's heavy emphasis on the [Illinois] statute's language, called to the reviewing state trial judge's attention a potential violation of Lieberman's Fourteenth Amendment right to due process."). Even assuming Grant sufficiently invoked the Fourteenth Amendment, a due process claim would be procedurally defaulted because he did not fairly present this federal issue to the state courts. *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010). A review of Grant's brief on direct appeal, the state appellate court's order, and Grant's Illinois Supreme Court petition reveals that he did not fairly present his statute of limitations claim to the state courts as a potential violation of due process. In his state court filings, he did not mention due process, the Fourteenth Amendment, or even the federal constitution, and he cited only to Illinois cases; none applied federal law. A statute of limitations defense does not invoke a specific constitutional right or fall within the mainstream of constitutional litigation. Accordingly, even if this claim were cognizable on *habeas* review, Grant procedurally defaulted it by not fairly presenting the federal claim to the state courts.

A federal court may excuse procedural default and reach the merits of a defaulted claim if the petitioner shows cause for the default and resulting prejudice. *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010). Cause, generally, is some external impediment that prevented the petitioner from asserting his federal claim in

## STATEMENT

state court. *Lewis v. Sternes*, 390 F.3d 1019, 1036 (7th Cir. 2004). Prejudice requires that the errors actually disadvantaged the petitioner and infected the trial with error of constitutional dimensions. *Id.* The other exception, a miscarriage of justice, could not apply here because Grant makes no claim of actual innocence. *See Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006).

      The fitness and due process claims could have been asserted in state court. Because Grant was represented by counsel before the appellate and Supreme Court, nothing could have prevented him from asserting those claims, except perhaps ineffective assistance of counsel. But Grant did not raise an ineffective assistance claim in the state courts, and his six-month period to file a state postconviction petition ended on August 23, 2010. *See* 725 ILCS § 5/122-1(c). That claim would thus be independently defaulted and unavailable to him now as a cause for his default. *See Gray v. Hardy*, 598 F.3d 324, 330 (7th Cir. 2010).

*Suzanne B. Conlon*